Good morning, your honors. Melissa Baldwin on behalf of the appellant Jerome Collins. We are asking you to find that New York attempted first degree assault is not a crime of violence under the guidelines because New York does not necessarily require the defendant have the specific intent to commit the underlying crime. Now this anomalous feature has already been relied on by the second and third circuits to find New York attempt convictions could not satisfy the categorical approach. In addition, New York attempt presents a second deficiency by punishing dangerous preparatory steps that fall short of the substantial step standard. So for an attempt to qualify as a crime of violence under the guidelines, it must possess two things, the specific intent to commit the underlying crime and a substantial step. New York fails on both accounts. Now we know from the New York Court of Appeals that they have interpreted their attempt statute to cover offenses where there was no specific intent. And you can see this, it first originated in People v. Foster, but a good example is People v. Martinez with an attempted manslaughter conviction where they acknowledged that as a matter of law, you cannot find an intent to commit that manslaughter. Well, let me ask you, as to this case, the underlying offense requires a specific intent, right? Mr. Collins' particular intent involves specific intent. However, we're saying his statutory offense of conviction did not. And so that's because, in our view, a New York attempt is not divisible. And so it's not divisible for three reasons. The first is that this court found in Dozer that a general attempt statute is indivisible. A New York attempt is just that, it's a general attempt statute. And then the second reason it's not divisible is because in finding so, you would be doing what the Supreme Court projected in Dacams, which is implying divisibility in an indivisible statute. You can always take a statute and reconceive it into divisible terms, but the question is whether the statute necessarily required the defendant to admit that. So the third reason is New York just doesn't interpret their attempt statute in that way. The New York Court of Appeals has said that their attempts exist independent of any other offense. So it is an integral offense. And so for the government to get to the fact that Mr. Collins' particular attempt involves specific intent, they have to get to the point where not only is the underlying crime of first degree assault counted, but the particular provision, subsection of that assault statute is also an element of the offense. Because first degree assault includes reckless versions and strict viability offenses. And so we would say Dale v. Holder, which was cited in our statute, Mr. Collins had New York 120.10, first degree assault, and they couldn't identify what subsection he was convicted under. So our view is New York attempt is not divisible. And as such, we know that from these cases involving reckless attempt crimes, that a defendant does not necessarily admit to specific intent. And this means it fails under the So the government has relied on the force clause in their brief, and for similar reasons, it's not going to qualify. According to the government, the New York attempt offense, you don't even need to look at generic attempt. You can just qualify it under the force clause. But the government does so by saying attempted use of force is just incorporating the federal definition of attempt. And you know the federal definition of attempt matches generic. So we get back to the same problem that we raised in our opening brief, which is New York attempt is not generic attempt. It does not require specific intent, nor a substantial step. Now I will say there is, so even if you reject the government's arguments that the force clause incorporates federal attempts definition, you are still going to have a problem because of the lack of specific intent. And so there's some suggestion that in the St. Hubert decision from the 11th Circuit, that an attempt to commit a crime of violence is itself a crime of violence. And that theory of an attempt will qualify under the force clause with that requires a specific intent, which is lacking here. And so if you are predisposed to reject the interpretation of the force clause offered in the briefing and go along with the 11th Circuit decision in St. Hubert, that's not going to resolve this case. And you can just look at the DDB 7th Circuit case that was cited in the reply brief. Because there, they found Indiana attempted robbery could not qualify under ACCA's force clause because Indiana's attempted robbery didn't require specific intent. So the theory that an attempt will be attempting each element of the crime of violence isn't going to count. So we say it's neither generic, it's not generic attempt, it's not federal attempt, and there's no specific intent. So there's going to be no way for you to get at Mr. Collins' conviction through the categorical approach to qualify. Our second argument or second deficiency on New York attempt law is the substantial step. And in New York, they impose attempt liability closer to the conspiracy line on dangerous preparatory steps that remain equivocal and would not qualify under the substantial step standard. Now in this case, we relied predominantly on three New York Court of Appeals cases. And so you can look at the Denson case, which is a... New York seems to say that they require more, that they at least believe they require more than a substantial step or an attempt. Do they not? Yes. The New York Court of Appeals labels itself as a dangerous proximity jurisdiction, which is a more stringent standard than the penal code. But we're saying it's wrong, essentially. So we can see, and this court has to defer... So we would have to tell the New York courts that they don't know what New York law is? No, they absolutely know what New York law is. You would be saying, we accept that the facts in Denson, Maboban, and Nardizze all involve a New York attempt. That's fine. But what we're saying is, those don't qualify under the substantial step standard. So you would be deferring... If you have an attempt charge in New York, doesn't the law require it be with intent to commit a crime? The... Well, the New York Court of... Well, the statute says an intent to commit a crime. And we know from a subset of unique cases involving reckless and strict liability offenses that New York doesn't actually require that in all cases, the specific intent. But this is first degree. It is first degree. But first degree assault includes strict liability and reckless versions. In subsection three, there is a reckless first degree assault. In subsection four, there's a strict liability for injuring someone during the commission of a felony. The least culpable activity can be recklessness. Yes. Right. Yes. So I just want to make sure that we be clear on the substantial step. You would not be disagreeing with New York law on New York law. What you would be disagreeing with is their conclusion that their attempt offense is coextensive with the federal standard of substantial step. And there were dissents in all three of those New York Court of Appeals cases saying that that is essentially what the New York court was doing. And we have analogous federal cases that we can use to say, you know, the facts that they find impose attempt liability under New York law, we wouldn't attach attempt liability to a federal law. So, for example, in Nargisay, there was an attempted murder where the defendant, you know, did have a culpable intent to do harm to an acquaintance, had a weapon, and drove to her general vicinity, and then, you know, discarded the gun in a snowbank. And when cops arrived, ran up to them and said, I have a complaint. I have mental problems. And those same facts were involved in the Collier v. State, Indiana case that the Seventh Circuit relied on to find Indiana matched the substantial step standard. And there, that same conduct in Nargisay was too equivocal to amount to a substantial step. He had the intent to kill his ex-wife, said he was going to stab her in the chest twice and slit her throat, drove to her place of employment with an ice pick and a box cutter. Same thing. Cops found him, passed down the trunk. And they said it did not reach the point where you can say it was probable murder would have occurred absent intervening circumstances. And that's what you have with someone offering a child a key to an apartment and saying that's attempted kidnapping. That may be dangerous, and New York may say they're going to punish that as an attempt, but federal law and the substantial step in most jurisdictions would not. Therefore, it is not generic attempt. Well, in this first degree assault case, it has four different ways you can commit the crime, so it's a divisible statute. Did he not plead guilty to Section 1 of the statute? We would agree that the aggravated assault statute can be divisible, but we disagree. His statutory offense of conviction is for the attempt, and we're saying attempt is not divisible. So there's no basis for you to go and peek. A defendant does not necessarily have to admit to the particular subsection of the first degree assault. So just because Mr. Collins may have done something that would have specific intent does not mean that all defendants who attempt. But then hadn't the Supreme Court peaked before? Well, the Supreme Court has peaked when the statute is divisible, and you are looking for divisible terms. And that's what we have here. No, I disagree. We do not have a divisible statute here. The statute says an intent to commit a crime, conduct tending to affect it. We know the New York Court of Appeals says specific intent. You don't necessarily need that. We're going to affirm convictions that, as a matter of law, do not have specific intent. And we have the New York Court of Appeals telling us that attempt is an independent offense. Attempt is not just a theory of liability that underlies every substantive offense in our criminal code. That's not how we operate. And we have the Fifth Circuit reviewing an attempt conviction under this very first degree assault statute saying we can't identify the particular subsection or means of first degree assault he attempted. So it's not divisible. You don't get to peek and look at the record, because regardless of whether or not Mr. Collins' crime involves specific intent and matched generic aggravated assault, he was not in fact convicted of a statutory offense requiring that. And I just want to address the standard of review here. The government has suggested that it's plain error. We say it's preserved for ordinary de novo review for this court by objecting to the predicate counting as a crime of violence in the district court. We think the Supreme Court's decision in Yee, as construed by this court in In re Under Seal, it's pretty clear that once you make a claim, you can make varying arguments in support of it on appeal without subjecting it to plain error. And in the particular crime of violence context, the three courts of appeals agree that by objecting to the predicate's classification, you can then make arguments, varying arguments, on appeal. And so those cases were cited in the reply brief, the Seventh Circuit in Billups, Sixth Circuit in Prater, and the Eleventh Circuit in Wilson. And this also goes along with this court's decision in Robinson, which held just objecting to the criminal history's category score would preserve an argument that a prior conviction should have been considered relevant conduct as opposed to assigning criminal history points. And finally, we think that New York is an indivisible statute, and it's overbroad. But at a minimum, there is sufficient ambiguity here with the Second and Third Circuits saying, like, listen, we can't even figure out what the elements New York is getting at in these attempt convictions. New York just has a weird practice, and it's unclear. And so in that circumstance, we say the rule of lenity should be employed to construe any ambiguity in Mr. Collins's favor, which in this case would say it's indivisible, it's overbroad, it shouldn't have been classified as a crime of violence, the sentence needs to be vacated, it needs to be re-sentenced without the increased base offense level under 2K2.1. Well, in New York, you don't really have a real crime. Unfortunately, it's weird, but yeah, they say that. This is not a crime, but they agree to it, so we're going to go with it because, you know, we have a busy criminal justice system. We need to move these things along. All right. There are no further questions. Thank you. I've reserved for Bob. Sure you have, yes. Thank you. Mr. Enright. Thank you, Your Honor. May it please the Court. Anthony Enright for the United States. The District Court properly concluded that Mr. Collins is a crime of violence and certainly didn't plainly err by declining on its own initiative to hold that the New York attempt statute is overbroad in relation to the force clause or the enumerated attempt. What about the fact that New York allows defendants to plead guilty to attempted reckless assault? So, there are a couple of pretty important issues. It's unusual, but there's a couple of important things. The first one, I think, is Judge Floyd's point, that's not what occurred here. There's no way you can plead to an impossible offense when you're talking about attempted first degree assault under subsection 1 because that requires specific intent and you have that intent with the attempt statute. And there are New York decisions that say that. You gather that from the conduct, you said, the conduct, in his case, leads to that, right? No, Your Honor. The specific charge, the specific, the certificate of conviction, which is what New York statute specifies is competent evidence of what he was convicted of. Exactly. It says he was convicted of an attempt to violate subsection 1 of the aggravated assault statute. I had no idea what his conduct was. Okay, good. I thought you said, okay, but no, go ahead. Let's take it from there. There are decisions, people versus Junius, we've cited a few of them, that set out what the elements of that offense are. Attempted intentional assault. And you have to have the specific intent to cause serious bodily injury with a deadly weapon. Okay. There's no impossible offense there. What Gill and Naffic addressed were situations where someone had entered a plea to the fictional offense of attempted rape. And they said, where we had that, where that was the actual charge, of course we can't identify a mens rea, because nobody, he never admitted a mens rea, and a jury never found a mens rea. Here, he admitted a mens rea. He admitted the element of intent to cause serious bodily injury. So, the other thing I want to, the point is, at least when you're talking about the force clause, you look at the elements of the offense of which he was actually convicted. Which in this case is attempted assault, first degree assault under subsection 1. The analysis is a little bit different when we're talking about matching it with the generic offense of aggravated assault and matching attempt with the generic enumerated offense of attempt under the Dozier and McCollum. But that's specific to the fact that in the guidelines they have the enumerated offenses and then in the commentary they have the specific attempt as an enumerated offense. Do you think Dozier and Dinkin require us to look at attempt in the abstract? I think it strongly suggests that's the way you have to analyze it, but only under a particular circumstance. When we are relying on the term attempt in the commentary, it treats that as an enumerated offense. However, I want to note, Dozier didn't likely contemplate the scenario we have here, but I don't think it's particularly relevant because the definition of attempt never changes. Every single decision both of us have cited from New York courts that identify attempt say it requires the specific intent to commit the target offense. There is no wavering from that. There's no alternative element where, okay, sometimes it requires intent, but sometimes it requires something else. It always requires something else. But New York courts have said that as a function of their procedural law, in order to allow bargaining some leniency, will allow you to admit this is, I have it here, the people versus Cordova. You add the word attempted in a plea context. That doesn't change the crime the defendant was admitting. It was simply a device to extend leniency by lowering the degree of felony under penal law. In this case, it was a different statute. And it's a very frank acknowledgment that it's a compromise. That's the word the New York courts used. It's a compromise under the procedural law. But what they've made clear is that you can't be found, you can't be charged properly, and you can't be convicted of an attempt that doesn't require specific intent. People versus Roe, if you are charged with something like that, one of these crimes, you move to dismiss it, it'll be dismissed. And people versus Martinez and Campbell, a jury can't be charged and you can't be found guilty of an attempt offense based on less than intent. And that matters because under Montcrieff, you look at the minimum conduct that will actually be prosecuted. And the minimum conduct it requires is specific intent. And that's enough under the force clause because we know from decisions like Irby and decisions like Reed in this court that intentionally causing injury to another person is a use of force. And specifically intending to cause serious injury by use of a deadly weapon is the intent required for an attempted force and then attempted use of force. And then what the New York courts require is conduct that came dangerously near commission of the completed crime. Now as Judge Thacker mentioned, New York courts have said authoritatively, that is narrower, it's more onerous than the substantial set of tests that this court uses and the federal court uses. And that definition has not changed. The very earliest decision that the defense has cited is people versus Rizzo. And that is what created the standard. And the most recent decision cited by the defendant in New York law, that's people versus Denson. It's using the same standard. And several times in Acosta, in Mububi, in Warren, the New York court has said, even though the statute's changed a little bit, we've kept the same standard and it remains more onerous, more important because they have a pretty close relationship with New York. And Fifth Circuit have all said, have all looked at that and said, yep, it's more narrow than the substantial set of things. And no court in the entire country has ever held that New York's attempted statute is overboard. What overt act does it require? You keep talking about intent, but in New York does it require an overt act for attempt? Yes, it requires conduct dangerously near completion of the effect. And that's quite a bit. And I honestly, I look at these- And it could be reckless, right? It could be reckless? Absolutely not, Your Honor. You have to have, you absolutely have to have a specific intent in the case where your statute is first degree assault. You absolutely have to have a specific intent to take engaging conduct dangerously near completion of the crime. And when you look at these decisions on which the defendant relies to say that's a relaxed standard, I don't, frankly, I don't see them as relaxed at all. In the movie, the defendant actually hired some thieves. They actually broke into a warehouse the defendant had toured and had arranged his antiquities to be stored in after he'd insured them. Those are massive steps for the insurance larceny he was trying to commit. In Narrazze, the only reason there was no homicide, this was the New York Court of Appeals, that's its interpretation of the facts, where the only reason there was no homicide was the police cornered the defendant before he burst into a house armed with a shotgun, which was the next item on a to-do list he had made. He said, I'm about to go kill these people. That's the next, or shoot these people. That's the next step. He was 20 feet away. And then in Denson, this individual didn't just give this 10-year-old girl a key. He approached her 30 to 40 times on the way home from school, arrived at the victim's apartment unannounced, after circumventing the mother's system, and then, after all that, approached the victim alone in a stairwell building, attempted to give her the keys. When she said she's not interested, he kept asking over and over again, two or three times. And that's a notable one, Your Honor. Denson, first, it reiterates, the Denson case reiterates, you need dangerously, a standard dangerously near completion defense. But in this court's decision in Pratt, it describes in detail the model penal code. The model penal code sets out examples of what qualifies as a substantial step corroborative of intent. And one of the examples is following your victim around. And another one of the examples is attempting to entice your victim to go to the place where the crime is going to occur. Denson is a textbook example of what the model penal code envisions for a substantial step. These cases, if anything, illustrate that the New York offense matches the substantial step and is, in fact, narrow. And we have the decisions from this case. The substantial step is not a particularly onerous step. This court has said, it's a step toward completion of the crime that strongly corroborates the culpable intent to commit the crime charge. More than preparation, but less, obviously, than completion of the crime. Need not be the last possible act for the target crimes commission. And what this court said in Pratt, any substantial act qualifies if it's in a progression of conduct that is meant to culminate in the commission of the crime intended. The New York standard is well within that scope. And this is an issue that the defendant did not raise below. The question isn't some abstract question about what constitutes an argument or an issue. What the defendant's obligated to do is let the district court have an opportunity to address the real basis for his objection. That's what preserves this court's role as one of review instead of first view. The district court simply had no occasion whatsoever to look into these decisions, to look at Maboubian, to look at the New York defiant attempt, to look into their unusual plea process. No occasion to consider those at all. And particularly when you're talking about a very technical legal argument, that's the upshot of Davis, which the categorical approach often requires. Ultimately, it's easy to say, oh, we're just talking about whether it's a crime of violence. But the reality of it is, that's kind of a big world. That issue's been before the Supreme Court many times. It's before this court all the time. It's common. That comes with the categorical approach always. How do you avoid looking at the state law, the crime of conviction as the one you're saying, the qualified conviction applies? How do you avoid that without looking at how the state looks at that? When the state statute has the basic elements in place, and you get up and say, and don't make any suggestion that attempt is overbroad. I was convicted of an attempted offense, attempted offense is qualified. And that's enough, Your Honor. I want to go talk about the shepherd documents established. I've been convicted under category one or category two. That's what the district court's going to do. It's going to focus on the issue, the basis the defendant's actually raised to object. Ordinarily, the district court doesn't have to look into the pre-sentence report unless there's an objection. The conclusions in the pre-sentence report are, it can adopt those unless there's an objection. So when the defendant says, I want you to look at this, because here's the basis for my thinking that I don't have this criminal history category, I don't have this offense level, because it's not a crime of violence. That's what we expect the district court to do, to look into the issues actually raised. Not to go off and say, let's look at every single piece of the categorical approach. That would make every sentencing days long. And it wouldn't be very useful, because the defendant can look at and say, I don't really want to dispute that. In opposing counsel's argument about how this is not plain error review, she cited a litany of cases where a general sort of objection was deemed to be sufficient. What's your response to that in terms of plain error? I think in some cases, honestly, it is a judgment call. And there are a ton of cases where the conclusion from this court is simply, it wasn't raised. I don't have the exact nitty-gritty details. Aren't you being a little bit unduly narrow with that argument? Because he did object to the conviction being classified as a crime of violence. He did object. But that is an enormous question. The question of whether something qualifies as a degree of force required by the force clause. Could have something to do with the nuance of state law. But objecting the cases, some of the cases I think she cited, the objection was, it sounded like, merely to the calculation of criminal history. And that's an enormous potential argument that the entire guidelines could be impacted. It is, Your Honor. And that's why I'm not suggesting that you look at an abstraction. Is it, how do we define an issue or an argument? What I'm suggesting in this court, it comes from this court's own decisions. Somewhere it's supposed to be easy to see. But sure, United States versus Bennett. The purpose of an objection is to alert the district court to the actual basis of the asserted error. That's the question. Have you given the district court a fair shot to weigh in on the very issues that this court is considering right now? His objection did not do that, Your Honor. And that's why the plain error standard applies. I see my time is short. I'm happy to answer any questions the court might have. If we find the plain error does not apply, do you still prevail? And how? Yes, Your Honor. Because I don't believe there's any error. The statute, the offense of which he was convicted, the elements are plainly intent to cause serious bodily injury to another person by means of a deadly weapon. And conduct that was dangerous to the commission of that offense, which is narrower under New York law than a substantial step. That's firmly within the confines of the force clause. And it's firmly within the confines of aggravated assault. I should mention, aggravated assault is, in almost every state, in its narrowest form, it's assault with one of two aggravating factors, either actually causing serious bodily injury or use of a dangerous deadly weapon. This one requires both. And it requires specific intent. So it's among the narrowest of aggravated assault statutes. And then when you add attempt to it, attempt does match the generic definition under the Dozier standard, because for the reason we talked about. So it meets the requirements under the force clause and under the enumerated offenses provision. So there's no error in my view. If the plain error standard applies, I think there's no plain error. The other two elements, if the court actually were to conclude that there was a guideline error here, I don't think we'd be able to prevail under only the other two. But I think there's no error. And I think if there were an error, it would not be plain under the plain or obvious clause. Now, again, is your position that New York law, in the attempt statute, requires an attempt to have specific intent to commit the underlying offense? That's required in New York law? Absolutely, Ron. I can read the statute. It's 110. A person is guilty of an attempt to attempt to effect the commission of such a crime. And that is literally the intent is in all of the New York statute decisions we've talked about. Martinez, and Campbell, and Mabuhi, and Nara, and Denson. All of them reiterate that it requires the specific intent to commit all the elements of the crime charge, including the intent. And there is a procedure that allows you to plead guilty to a non-existent offense. He didn't plead guilty to a non-existent offense. But that procedure does not change the element of intent. What the court of appeals has said and what the statute says, that it requires intent. That is the law of New York. And that states the elements of the offense. So the court has no further questions. I don't have much time left, but I will yield the balance back to the court. Thank you. The court affirms the judgment of the district court. Thank you. Just like to address two main points that the government brought up. And first is on the standard of review. And he cites DeBennett on this idea that the district court was not apprised of the nature of the objection. And that is just false, especially in here. So even if you don't go along with the idea that objecting merely to classification is enough here, the district court did understand that this was an attempt to conviction. The categorical approach looks at the statutory offense of conviction. And held New York attempt was coextensive with generic attempt. And so regardless of whether or not a better phrased objection could have more directly put Does it matter that the argument changed from what was argued in front of the district court to today? No, no. We said the Supreme Court in Yee says that doesn't matter. You're allowed to raise varying arguments. There, it was a regulatory taking in the district court. And they told the Supreme Court, or excuse me, it was a physical takings in the district court. And then they told the Supreme Court, actually, it's regulatory taking. The Supreme Court, that's fine. You're arguing in support of the raised issue in the court below. And so here, we raise the issue of his prior attempt conviction qualifying as a crime of violence. And we're asking you to review that decision that it did qualify. And it doesn't qualify. The government's argument is that New York first degree attempted, excuse me, New York first degree assault, subsection one qualifies as a crime of violence. We conceded that. We conceded that in the district court. We conceded that on appeal. The question, he wasn't convicted of that. He was convicted of attempt. His statutory offense of conviction is attempt. And it is a general attempt statute. And under Dozer, it's indivisible. And the government's only argument for it being divisible is like, well, we know this case is generic. But that's not enough. You have to point to an element that a defendant necessarily admits in the statutory offense of conviction. It doesn't matter that you can say, well, this defendant could have been convicted because Mr. Collins was not. I mean, we know New York doesn't require specific intent. The New York Court of Appeals has told us over and over again, vacating jury convictions, finding attempted reckless crimes, while saying like, yeah, but I mean, if this was a plea, that'd be okay. And then we have courts of appeals saying, we don't even know what the this doesn't qualify and nap it in the gill. You responded to Mr. Enright's argument that he read the statute. It says that for attempts, all of them require you to have the intent to commit the underlying crime. Well, it says the intent to commit a crime. And we're saying the New York Court of Appeals, it is the highest court in a common law jurisdiction. They are empowered to binding interpretations on their criminal offenses that we have to respect in applying the categorical approach. And so we say, you can't ignore the fact the New York Court of Appeals tells us we actually don't require that. We know the statute indicates there's some intent, but we're going to allow attempts. So the statute is overridden by the highest court. Yes. In New York, which the case law says that's what we look for. Yes. So if there are no further questions, I will yield my time. That's it. All right. We'll ask the clerk to adjourn the court for the day, and we'll come down and greet counsel.
judges: Roger L. Gregory, Henry F. Floyd, Stephanie D. Thacker